UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WENDY M. ALGUARD,<br><br>               Plaintiff,<br><br>   v.<br><br>THOMAS VILSACK, SECRETARY OF THE U.S. DEPARTMENT OF AGRICULTURE,<br><br>               Defendant. | NO: 13-CV-3083-TOR<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS |

BEFORE THE COURT is Defendant's Motion to Dismiss (ECF No. 23). This matter was submitted for consideration without oral argument. Michael A. Jacobson represents Plaintiff. Rudolf J. Verschoor represents Defendant. The Court has reviewed the briefing and the record and files herein, and is fully informed.

//

//

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS ~ 1

**BACKGROUND**

This is a discrimination and retaliation case arising out of Plaintiff's employment with the U.S. Department of Agriculture. Plaintiff seeks redress under the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, and the Americans with Disabilities Act, 42 U.S.C. § 12112 *et seq.*; and review of the Merit System Protection Board's final decision. In its September 29, 2013 Order, this Court dismissed Plaintiff's initial Complaint for failure to state a claim but granted leave to amend. ECF No. 7. Plaintiff subsequently filed her First Amended Complaint on October 25, 2013. ECF No. 8. In the instant motion, Defendant moves to dismiss Plaintiff's First Amended Complaint. ECF No. 23.[1]

**FACTS**

Beginning in 2001, the U.S. Department of Agriculture ("USDA" or "Agency") employed Plaintiff Wendy Alguard as an Agricultural Commodity Grader inspector. ECF No. 8 at 1. The USDA division in which Plaintiff worked, the Agricultural Marketing Service, operates an inspection service whereby a food processor pays the USDA to inspect its products in exchange for permission to

---

[1] This Court strongly advises both parties to review the Local Rules for the United States District Court for the Eastern District of Washington before presenting any future documents to this Court. Specifically, both parties should review LR 10.1, which discusses the proper format for filings.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS ~ 2

market its products as USDA-inspected. *Id.* at 3.  While inspecting one facility in the greater Yakima area, Plaintiff learned of a public health issue and reported the issue to the Food and Drug Administration. *Id.* at 4; *see* ECF No. 8-1 at 16.  As a result, in June 2011, the USDA cancelled its contract with the manufacturer.  ECF No. 8 at 4.

Subsequently, and as a result of other cancelled contracts, USDA's Yakima station experienced a decline in work volume. *Id.*[2]  The USDA proceeded to reassign two inspectors based on inverse seniority. *Id.*  By August 18, 2011, Plaintiff was formally notified that she had been selected as one of the least senior employees at the Yakima Duty Station. *Id.*  Plaintiff was initially reassigned to a plant in Warden, Washington; however, this location was later amended to Kingsburg, California. *Id.*  Plaintiff formally refused this reassignment at the end of September 2011. *Id.* at 5.  Accordingly, the USDA removed Plaintiff from her position with the agency, effective December 2011. *Id.*

---

[2] Around this time, Plaintiff notified the USDA that she suffered from Reynaud's, a cold sensitivity, which required her to avoid exposure in cold environments.  ECF No. 8 at 4.  In response, the USDA offered Plaintiff use of lined gloves in the event that she needed to work in a cold environment. *Id.*

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS ~ 3

1    Initially following her reassignment and then removal, Plaintiff initiated

2 several administrative proceedings with the U.S. Office of Special Counsel

3 ("OSC"), the USDA's Equal Employment Opportunity ("EEO") Counselor and

4 Office of Adjudication, and the Merit System Protection Board ("MSPB" or

5 "Board").

6    On September 6, 2011, Plaintiff initiated informal proceedings with the

7 Agency's EEO counselor, alleging disability and sex discrimination. ECF No. 29-

8 4. Also on September 6, 2011, Plaintiff initiated proceedings with the OSC

9 regarding her reassignment, alleging retaliation for whistleblowing. ECF Nos. 8 at

10 2; 30-2. Shortly thereafter, on September 17, 2011, Plaintiff filed an appeal with

11 the MSPB, alleging that the USDA implemented improper reassignment

12 procedures. ECF No. 28-1. Thus, by mid-September 2011, Plaintiff had three

13 separate and simultaneous administrative proceedings pending.

14    In October 2011, pursuant to USDA's notice of proposed removal, ECF No.

15 27-4, the Agency's EEO counselor notified Plaintiff of her right to file a formal

16 EEO complaint with the USDA's Office of Adjudication. ECF No. 29-5.

17 Subsequently, on October 28, 2011, Plaintiff filed a formal EEO complaint,

18 alleging claims of gender and disability discrimination. ECF Nos. 8 at 2; 29-6.

19    Around this time, Plaintiff's multiple administrative proceedings started to

20 collide. On October 25, 2011, the MSPB issued Plaintiff an order to show cause.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION TO DISMISS ~ 4

ECF No. 28-2. In this order, the MSPB directed Plaintiff to demonstrate that the MSPB had jurisdiction over her reassignment challenge. *Id.* at 2. Specifically, Plaintiff needed to demonstrate that she exhausted her remedies with the OSC regarding her retaliation claim. *Id.* Plaintiff did not comply with this directive, presumably because her OSC proceedings were still pending. As a result, the MSPB issued an initial decision on November 10, 2011, dismissing Plaintiff's appeal. ECF No. 28-4. At this point, Plaintiff now had actions pending only with the USDA's Office of Adjudication and the OSC.

Effective December 14, 2011, Plaintiff was formally removed from federal service. ECF No. 32-2 at 3-7. In its removal letter, the USDA advised Plaintiff of her right to pursue MSPB or EEO procedures, but not both. *Id.* at 6-7.

On January 13, 2012, after her removal went into effect, Plaintiff filed a second appeal with the MSPB. ECF Nos. 8 at 3; 28-5. In this appeal, Plaintiff challenged the validity of her reassignment and removal on the grounds of retaliation and discrimination, as well as the Agency's implementation of its reassignment procedures. ECF No. 28-5 at 5. Once again, Plaintiff had simultaneous claims pending in front of the USDA's Office of Adjudication, the MSPB, and the OSC.

On May 3, 2012, the MSPB issued an initial decision, finding in favor of the Agency. ECF No. 29. Also, on May 3, 2012, the OSC closed Plaintiff's file in

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS ~ 5

light of Plaintiff's mixed case appeal to the MSPB.  ECF Nos. 8 at 2; 30-4.  Shortly thereafter, on June 4, 2012, USDA's Office of Adjudication issued a final agency decision, finding no discrimination.  ECF No. 30.  Accordingly, by early June 2012, Plaintiff's three proceedings had temporarily come to halt.

Plaintiff chose only to petition for review of MSPB's initial decision, which she did on June 7, 2012.  ECF No. 28 at 3.  Plaintiff appealed neither OSC's dismissal of her whistleblower claim, nor the Office of Adjudication's dismissal of her discrimination claim.[3]  Upon review of her MSPB claim, the Board remanded the case back to the ALJ, finding that the ALJ did not fully develop the record.  ECF Nos. 8 at 3; 8-1 at 2-7.  Upon remand, the MSPB again ruled in favor the Agency, ECF No. 8-1 at 15-31, issuing a final decision on July 18, 2013, effective August 22, 2013.  ECF Nos. 8 at 3; 29-2.

On August 15, 2013, Plaintiff appealed the MSPB's final decision, albeit prematurely, to this Court.  ECF No. 1.

//

---

[3] The Office of Adjudication's final agency decision provided notice to Plaintiff that she could appeal the decision with the U.S. Equal Employment Opportunity Commission ("EEOC") within 30 days; file a civil action with the United States District Court in 90 days; or file a civil action if, after 180 days of filing an appeal to the EEOC, a decision had not been issued.  ECF No. 30 at 11-13.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS ~ 6

# DISCUSSION

## A. Legal Standard

A motion to dismiss for failure to state a claim tests the legal sufficiency of the plaintiff's claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To withstand dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Naked assertion[s]," "labels and conclusions," or "formulaic recitation[s] of the elements of a cause of action will not do." *Id.* at 555, 557. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a plaintiff need not establish a probability of success on the merits, he or she must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

A complaint must also contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require detailed factual allegations, but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In assessing whether Rule 8(a)(2) has been satisfied, a court must first identify the elements of the plaintiff's claim(s) and then determine whether those elements could be proven on the facts pled. *See id.*

at 675.  The court should generally draw all reasonable inferences in the plaintiff's favor, *see Sheppard v. David Evans & Assocs.*, 694 F.3d 1045, 1051 (9th Cir. 2012), but it need not accept "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotations and citation omitted). Generally, in ruling upon a motion to dismiss, a court must accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the party opposing the motion. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

In contrast, when addressing a motion to dismiss for lack of subject matter jurisdiction, the court is not bound by the plaintiff's factual allegations.  Pursuant to Rule 12(b)(1), the Court "may 'hear evidence regarding jurisdiction' and 'resolv[e] factual disputes where necessary.'" *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009) (quoting *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)).  A Rule 12(b)(1) motion may be either facial, where the court's inquiry is limited to the allegations in the complaint; or factual, where the court may look beyond the complaint to consider extrinsic evidence.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  "If the moving party converts the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS ~ 8

establishing subject matter jurisdiction." *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004) (quoting *Safe Air for Everyone*, 373 F.3d at 1039). Accordingly, in deciding jurisdictional issues, the court is not bound by the factual allegations within the complaint. *Augustine*, 704 F.2d at 1077.

### B. Discrimination Claim

Defendant seeks dismissal of Plaintiff's disability discrimination claim, Count 1 of her First Amended Complaint. ECF No. 23 at 7. Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment." *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1975). The Ninth Circuit has held that Title VII remedies extend to claims under the Rehabilitation Act. *Boyd v. U.S. Postal Serv.*, 752 F.2d 410, 413-14 (9th Cir. 1985). As such, a plaintiff alleging employment discrimination in violation of the Rehabilitation Act must satisfy Title VII's exhaustion requirements under 42 U.S.C. § 2000e-16(c) in order to preserve her right to file suit. *Bullock v. Berrien*, 688 F.3d 613, 615 (9th Cir. 2012); *Leorna v. U.S. Dep't of State*, 105 F.3d 548, 550 (9th Cir. 1997); *Vinieratos v. U.S. Dep't of Air Force*, 939 F.2d 762, 773 (9th Cir. 1991) (citing *Boyd*, 752 F.2d at 413-14).

Under Title VII, "a federal employee who alleges employment discrimination must elect to pursue his claim under either a statutory procedure or a union-assisted negotiated grievance procedure; he cannot pursue both avenues,

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS ~ 9

and his election is irrevocable." *Vinieratos*, 939 F.2d at 768 (citing 5 U.S.C. § 7121(d)). In order to then litigate her discrimination claim in federal court, a plaintiff "must have pursued her administrative claim with diligence and in good faith." *Greenlaw v. Garrett*, 59 F.3d 994, 997 (9th Cir. 1995). "[A]n administrative exhaustion rule is meaningless if claimants may impede and abandon the administrative process and yet still be heard in the federal courts . . . The law requires an aggrieved federal employee to elect one exclusive administrative remedy and to exhaust whatever remedy he chooses." *Vinieratos*, 939 F.2d at 772.

Under Title VII, a plaintiff electing to pursue her claim under a statutory procedure must timely file a discrimination charge with the agency's EEO counselor before filing suit. *Boyd*, 752 F.2d at 414 (citing 29 C.F.R. § 1613.214(a)(i)). "If an informal resolution is not achieved, the employee must then file a formal complaint for decision by an ALJ." *Bullock*, 688 F.3d at 616 (citing 29 C.F.R. §§ 1614.105(d), 1614.106). After receiving notice of the final agency decision,[4] the employee may file a civil action in federal district court within ninety days. 42 U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.407(a)-(b). This filing

---

[4] An employee may file an administrative appeal to the EEOC, but such appeal is not required to satisfy the exhaustion requirement. *Bullock*, 688 F.3d at 616.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS ~ 10

period is a statute of limitations and is thus subject to waiver, estoppel, and equitable tolling. *Boyd*, 752 F.2d at 414.

Defendant challenges Plaintiff's discrimination claim on the following grounds: Plaintiff (1) failed to timely appeal the Office of Adjudication's dismissal of her disability discrimination claim and thus the claim is time-barred; (2) impermissibly proceeded in more than one forum despite her binding election to pursue the EEO procedure; (3) failed to raise her discrimination claim in her first MSPB and OSC petitions; and (4) failed to meet Rule 8(a)'s pleading standards. ECF No. 23 at 7-14.

Here, Plaintiff's discrimination claim is time-barred. Plaintiff first complained about discrimination to the Agency's EEO counselor on September 6, 2011. ECF No. 29-4. On October 28, 2011, Plaintiff alleged disability discrimination in her formal complaint to the Agency's Office of Adjudication, challenging the basis for her reassignment. ECF No. 29-6. The ALJ issued a final agency decision on June 4, 2012, finding no discrimination. ECF No. 30. Subsequent to this final agency decision, Plaintiff had either thirty days to file an appeal with the EEOC, 29 C.F.R. § 1614.405, or ninety days to file suit in an appropriate United States District Court. 29 C.F.R. § 1614.407(a). However, Plaintiff did not seek redress from either forum within the requisite time frames.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS ~ 11

Rather, over one year passed after the ALJ's final agency decision and before Plaintiff filed her original complaint with this Court.[5]  ECF Nos. 1, 30.

Further, this Court finds that Plaintiff made a binding election to pursue EEO procedures regarding her discrimination claims and subsequently could not bring these same claims before the MSPB.  *See* 5 U.S.C. § 7121(d); 29 C.F.R. § 1614.302(b); *see also Vinieratos*, 939 F.2d at 768-69.  In *Vinieratos*, the Ninth Circuit held that the plaintiff had "irrevocably elected to adjudicate his claims through the statutory EEO procedure" when he initially filed an informal discrimination complaint with the Agency's EEO Counselor.  *Vinieratos*, 939 F.2d at 769.  Even though the Plaintiff subsequently filed an MSPB appeal after his removal from service became effective, the Ninth Circuit found that by initially

---

[5] Plaintiff cites to a final agency decision issued in September 2013.  ECF Nos. 8 at 2; 32-2 at 35.  In this decision, the ALJ again dismissed Plaintiff's complaint—the same complaint which the agency had dismissed in the previous year—because of Plaintiff's MSPB appeal and pending action with this Court, both regarding the same issue of disability discrimination.  ECF No. 32-3 at 35.  Although it is not entirely clear why the Agency issued two final agency decisions, the second decision did not excuse Plaintiff's obligation, which arose over one year earlier, to seek redress in the U.S. District Court within ninety days.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS ~ 12

pursuing relief through the EEO process, plaintiff had committed to pursuing his discrimination claim in that administrative forum alone. *Id.* at 769-70.

Here, by filing her informal complaint on September 6, 2011, and formal complaint on October 28, 2011, Plaintiff made a binding election to pursue EEO procedures. Like the plaintiff in *Vinieratos*, Plaintiff initially pursued her discrimination claim with the Agency's EEO counselor regarding her reassignment. ECF Nos. 29-4; 29-6. Although she subsequently filed a second appeal with the MSPB on January 13, 2012, after her removal became effective, she is deemed to have "irrevocably elected" to pursue EEO procedures and could not subsequently abandon that process in pursuit of a possibly more favorable forum. In response, Plaintiff contends that the MSPB had jurisdiction over Plaintiff's claim "notwithstanding" Plaintiff's failure to exhaust or initial election to pursue EEO procedures. ECF No. 32 at 2-5. However, as Defendant aptly notes, interpreting the language in 5 U.S.C. § 7702(a) to mean that a claimant can file a mixed case appeal with the MSPB "notwithstanding any other provision of law," including the law surrounding exhaustion and binding election, is overly broad. ECF No. 37 at 2-7. Indeed, this interpretation makes little sense in light of the case law surrounding employment discrimination, the role of the MSPB and the EEOC, and the exhaustion and binding election doctrines. *See e.g.*, *Vinieratos*, 939 F.2d at 769-70 (finding that despite the plaintiff's subsequent appeal to the

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS ~ 13

MSPB, plaintiff made a binding election to adjudicate his claims through the statutory EEO procedure).

Accordingly, Defendant's Motion (ECF No. 23) to dismiss Count 1 of Plaintiff's First Amended Complaint is **GRANTED**.

**C. Review of MSPB's Decision**

Defendant moves to dismiss Count 2 of Plaintiff's First Amended Complaint, which seeks review of the MSPB's final decision.  ECF No. 23 at 14.  Specifically, Defendant addresses two discrete issues in Count 2 of Plaintiff's First Amended Complaint: whether the MSPB erred (1) when considering whether the Agency properly implemented its reassignment procedures; and (2) when evaluating Plaintiff's claim regarding retaliation due to whistleblowing.[6]  *Id.* at 14-15.  According to Defendant, Plaintiff abandoned Count 2, as it relates to the USDA's reassignment procedures, when she failed to seek review of MSPB's dismissal for lack of jurisdiction; and Plaintiff abandoned Count 2, as it relates to retaliation for whistleblowing, when she failed to exhaust her remedies with the OSC.  *Id.* at 14-19.

---

[6] Count 2 also seems to challenge whether the MSPB erred in confining Plaintiff's proceedings to the MSPB, as opposed to allowing Plaintiff to also seek redress from the OSC.  ECF No. 8 at 14.  Defendant does not address this challenge.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS ~ 14

Although addressed separately in Defendant's brief, this Court construes these issues as one general challenge: whether or not Plaintiff's reassignment was ordered in retaliation for her whistleblowing activities. After all, if the USDA did not reassign Plaintiff due to her whistleblowing activities, then her reassignment was not unlawful and the question then turns to whether the Agency correctly implemented its reassignment procedures. Whether this Court has jurisdiction over Count 2, then, depends on whether Plaintiff properly exhausted administrative remedies regarding her retaliation claim.

A federal employee who believes she has been a victim of retaliation for whistleblowing, a prohibited personnel practice, must first seek redress from the OSC. 5 U.S.C. § 1214(a); *Weber v. United States*, 209 F.3d 756, 757-58 (D.C. Cir. 2000). The OSC then "shall investigate the allegation to the extent necessary to determine whether there are reasonable grounds to believe that a prohibited personnel practice has occurred, exists, or is to be taken." 5 U.S.C. § 1214(a); *Weber*, 209 F.3d at 758. Although the employee first proceeds with the OSC and would otherwise seem to have made a binding election to proceed exclusively in this forum, *see id.* § 7121(g)(4)(C), the employee may subsequently seek corrective action from the MSPB, *id.* § 1214 (a)(3). Under section 1214(a)(3), an employee may appeal her retaliation claim to the MSPB if one of two scenarios occurs: (1) either the OSC has notified the employee her claim has been terminated

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS ~ 15

and no more than 60 days have passed, or (2) 120 days have passed and the OSC has *not* notified the employee that it will seek corrective action on her behalf. *Id.* § 1214(a)(3)(A)-(B). In either case, the employee may then obtain judicial review of MSPB's final order or decision within sixty days. *Id.* §§ 1221(h), 7703(a)-(b); *Weber*, 209 F.3d at 758.

Here, Plaintiff did not abandon her retaliation claim but rather properly exhausted her administrative remedies before commencing this action. Plaintiff's first attempt to challenge her reassignment was before the OSC when she filed a complaint for retaliation on September 6, 2011. ECF No. 30-2. Shortly thereafter, on September 17, 2011, Plaintiff also challenged her reassignment before the MSPB; however, at that time, the MSPB lacked jurisdiction over her claim.[7] ECF No. 28-2. Specifically, in order to have jurisdiction over Plaintiff's appeal of reassignment, the MSPB needed proof that Plaintiff had exhausted her remedies before the OSC. *Id.* at 2. When the MSPB issued this order, Plaintiff's complaint

---

[7] The MSPB's jurisdiction is limited to matters listed in the relevant statutes and regulations. 5 U.S.C. § 7512(1)-(5); 5 C.F.R. §§ 1201.2, 1201.3. Generally, the MSPB does not have jurisdiction over an appeal of a reassignment unless it also involves a reduction in grade or pay. However, the MSPB does have jurisdiction over claims alleging retaliation for whistleblowing brought pursuant to 5 U.S.C. § 1221.

with the OSC was still pending; therefore, she was unable to present proof of the MSPB's jurisdiction over her claim.  Subsequently, the MSPB correctly dismissed Plaintiff's appeal for lack of jurisdiction.  ECF No. 28-4.

By January 4, 2012, 120 days had passed since Plaintiff initiated her claim with the OSC.  As of this date, the OSC had neither terminated Plaintiff's claim nor announced that it would seek corrective action on her behalf.  Be it fortuitous or intentional, Plaintiff subsequently filed her second appeal with the MSPB on January 13, 2012—129 days after first seeking corrective action with the OSC— challenging, *inter alia*, the correctness of her reassignment.[8]  Therefore, because over 120 days had passed and the OSC had neither terminated Plaintiff's complaint nor taken correction action, *see* 5 U.S.C. § 1214(a)(3)(B), Plaintiff's retaliation claim was then properly before the MSPB.

Plaintiff then properly fully exhausted her remedies before the MSPB.  The MSPB fully adjudicated Plaintiff's claims and issued its final decision, finding in

---

[8] Although the MSPB characterized this appeal as a mixed case appeal, also known as a Chapter 75 removal appeal, this Court construes Plaintiff's appeal as an Individual Right of Action, or IRA, appeal.  Because the discrimination claims were not properly before the MSPB in Plaintiff's January 2012 appeal, *see* above analysis regarding Plaintiff's binding election to proceed in front of the EEOC, the MSPB only had jurisdiction over Plaintiff's retaliation claim.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS ~ 17

1  favor of the agency, on July 18, 2013.  ECF No. 32-2 at 16.  By the time MSPB's
2  decision went into effect, Plaintiff had already appealed to this Court seeking
3  review of the MSPB's decision.  ECF No. 1.
4      Accordingly, because Plaintiff has exhausted all administrative remedies
5  with respect to Count 2 of her First Amendment Complaint, Defendant's Motion
6  (ECF No. 23) to dismiss Count 2 is **DENIED**.
7  **ACCORDINGLY, IT IS HEREBY ORDERED:**
8      Defendant's Motion to Dismiss (ECF No. 23) is **GRANTED in part** and
9  **DENIED in part**.  Defendant's Motion is **GRANTED** as to Count 1 of Plaintiff's
10 First Amended Complaint.  As indicated herein, Defendant's Motion as to Count 2
11 is **DENIED**.
12     The District Court Executive is hereby directed to enter this Order and
13 provide copies to counsel.
14     **DATED** October 31, 2014.



        THOMAS O. RICE
        United States District Judge

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS ~ 18