1

2

3

4

5              UNITED STATES DISTRICT COURT

6              EASTERN DISTRICT OF WASHINGTON

7   WENDY M. ALGUARD,

8                          Plaintiff,          NO:  13-CV-3083-TOR

9        v.                                    ORDER DENYING PLAINTIFF'S
                                               MOTION FOR RECONSIDERATION
10  THOMAS VILSACK, SECRETARY
    OF THE U.S. DEPARTMENT OF
11  AGRICULTURE,

12                          Defendant.

13

14       BEFORE THE COURT is Plaintiff's FRCP 59 Motion to Reconsider, in

15  Part, Order Denying Summary Judgment (ECF No. 55).  This matter was

16  submitted for consideration without oral argument.  Although a hearing is set for

17  March 30, 2015, this Court finds no reason to delay its order.  The Court has

18  reviewed the briefing and the record and files herein, and is fully informed.

19  //

20  //

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 1

**DISCUSSION**

Although Plaintiff styles her motion under Federal Rule of Civil Procedure 59(e),[1] this Court instead construes it as one to reconsider a non-final order pursuant to Rule 54(b). An order that resolves fewer than all the claims among the parties—that is, a non-final order—"may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Where reconsideration of a non-final order is sought, the court has "inherent jurisdiction to modify it, alter or revoke it." *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000); *see also Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) ("[A] district court has the inherent power to revisit its non-final orders . . ."); *Ball v. Local 148 of Int'l Union*, 238 F.3d 427, 427 (9th Cir. 2000) ("Because the partial summary judgment was not a final judgment, it was subject to review at any time, and the district court did not abuse its discretion by granting reconsideration.").

---

[1] Rule 59(e) applies only to motions to alter or amend "a judgment." Fed. R. Civ. P. 59(e). In turn, "judgment" is defined under the Rules as including "a decree and any order from which an appeal lies." Fed. R. Civ. P. 54(a). In order words, Rule 59(e) applies to final orders. *United States v. Martin*, 226 F.3d 1042, 1048 (9th Cir. 2000).

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 2

1    In the instant motion, Plaintiff asserts this Court committed two errors in its

2    non-final Order Denying Defendant's Motion for Summary Judgment.  First,

3    Plaintiff asserts this Court incorrectly excluded evidence that her whistleblower

4    claim is based on her disclosure of Mr. Augspurg's "corrupt motives and bad acts."

5    ECF No. 55 at 2-6.  Second, Plaintiff faults the Court for allowing Defendant to

6    introduce new "facts" in his reply briefing, which this Court then considered in

7    defining the scope of Plaintiff's disclosure.  ECF No. 55 at 6-7.  This Court will

8    consider each contention in turn.  As cautioned in this Court's March 19, 2014

9    Scheduling Order, "Motions to Reconsider are disfavored" and "must show

10   manifest error in the prior ruling or reveal new facts or legal authority which could

11   not have been brought to the Court's attention earlier."  ECF No. 22 at 7.

12   **A. Plaintiff's Disclosure**

13        First, Plaintiff challenges this Court's characterization of her disclosure in its

14   Order Denying Defendant's Motion for Summary Judgment.  ECF No. 55 at 2-6.

15   Specifically, Plaintiff faults this Court for disregarding argument that her

16   whistleblower claim was based on her disclosure of the "corrupt motives and bad

17   acts" of her USDA Supervisor, Mr. Augspurg.  *Id.*

18        A brief overview of a whistleblower retaliation claim proves helpful here.

19   Such a claim takes place within a "burden shifting scheme": To establish her prima

20   facie case before the MSPB, the former employee must show (1) that she made a

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 3

protected disclosure under § 2302(b)(8), and (2) that this disclosure was "a contributing factor" to the adverse employment action. *Whitmore v. Dep't of Labor*, 680 F.3d 1353, 1367 (Fed. Cir. 2012); *Fellhoelter v. Dep't of Agric.*, 568 F.3d 965, 970 (Fed. Cir. 2009); *see* 5 U.S.C. § 1221(e)(1). If the former employee is able to meet this initial burden, the burden of persuasion then shifts to the agency to show by "clear and convincing evidence" that it would have taken the same personnel action in the absence of such disclosure. *Whitmore,* 680 F.3d at 1367; *Fellhoelter,* 568 F.3d at 970-71; *see* 5 U.S.C. § 1221(e)(2). When determining whether the agency has met this burden, the MSPB considers the following factors: "(1) the strength of the agency's evidence in support of its personnel action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes or has taken similar actions against similarly situated employees who are not whistleblowers." *Fellhoelter*, 568 F.3d at 971; *Carr v. Soc. Sec. Admin.*, 185 F.3d 1318, 1323 (Fed. Cir. 1999).

This Court's Order Denying Defendant's Motion for Summary Judgment focused on the very narrow threshold issue of whether Plaintiff even made a protected disclosure. Rather than moving for summary judgment on the substance of the MSPB's underlying decision regarding Plaintiff's whistleblower retaliation

claim,[2] Defendant's Motion merely sought this Court's review of the threshold legal issue of whether Plaintiff had made a protected disclosure in the first instance.  ECF No. 41.

In its Order, the Court found that Plaintiff's disclosure to the FDA was protected under the Whistleblower Protection Act ("WPA") and thus declined to grant summary judgment.  ECF No. 54.  Persuaded by the Ninth Circuit's unpublished opinion in *Kerr v. Jewell*, 549 Fed. App'x 635 (9th Cir. 2013), this Court determined the WPA's protection is broad, covering "*any* disclosure" where the employee reasonably believes the information evidences: "(i) a violation of any law, rule, or regulation, or (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety." 5 U.S.C. § 2302(b)(8)(A) (2006).  Thus, looking at the substance of Plaintiff's disclosure as alleged in the underlying administrative proceedings—that is, when

---

[2] In reviewing an MSPB decision regarding a nondiscrimination claim, the court will not set aside any agency action, findings, or conclusions unless they are found to be "1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5.U.S.C. §7703(c); *Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 888 (9th Cir. 2004); *Washington v. Garrett*, 10 F.3d 1421, 1428 (9th Cir. 1993).

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 5

she reported to the FDA Snokist's conduct regarding the contaminated applesauce totes—this Court found Plaintiff had made a protected disclosure under the WPA and thus satisfied the threshold requirement.  In so summarizing Plaintiff's disclosure, this Court cautioned that its review is limited to what was before the MSPB in the underlying proceedings.  This warning was in light of briefing which appeared to suggest Plaintiff's disclosure also comprised of her reporting alleged misconduct on the part of Mr. Augspurg.  As noted in the MSPB's underlying decisions, "the appellant's disclosure did not directly accuse her supervisor (or any other agency official) of misconduct."  ECF No 29 at 18; see also ECF No. 29-2 at 10 ("As I previously stated, the appellant's disclosure, which involved conditions at a private facility, did not directly accuse anyone at the agency of misconduct.").

In her instant motion, Plaintiff fails to demonstrate manifest error.  The five citations in Plaintiff's Motion to Reconsider do not point to any place in the record demonstrating that Plaintiff ever disclosed Mr. Augspurg's alleged "corrupt and bad acts."  As Defendant aptly notes, the quoted excerpts in Plaintiff's motion read in context reaffirm that Plaintiff's disclosure was her report to the FDA of contaminated applesauce totes.  Although these excerpts also assert that the conditions at Snokist may have been an issue for several years before Plaintiff's ultimate disclosure and that Mr. Augspurg allegedly told Plaintiff to withhold this information from the FDA, this does not change the substance of her *actual*

1    *disclosure* to the FDA.[3]  At most, Plaintiff's citations to the record touch on a

2    different part of the whistleblower retaliation analysis: whether the agency had any

3    motive to retaliate against Plaintiff based on her disclosure, thus diminishing or

4    negating the legitimacy of its personnel decision.  This Court's Order did not reach

5    this issue as Defendant's motion did not prompt substantive review of the MSPB's

6    underlying decision; accordingly, Plaintiff is not prevented from addressing these

7

8

9

10    [3] For instance, Plaintiff cites to her pre-hearing submissions, which stated that she

11    informed FDA and WSDA personnel "that Snokist historically in 2008, 2009, and

12    2010 had been reported for scraping mold off of applesauce and reprocessing it."

13    ECF No. 50-5 at 3.  This passage does little to support Plaintiff's claim that she

14    reported misconduct on the part of Mr. Augspurg.  Similarly, Plaintiff cites to her

15    March 2012 Closing Statement to the MSPB, highlighting her testimony that Mr.

16    Augspurg, who had allegedly instructed Plaintiff "not to discuss issues regarding

17    the applesauce totes with the FDA," had retaliated against her after her "protected

18    disclosure regarding the hidden toxic totes to the FDA."  ECF No. 50-6 at 2.

19    Again, this passage does not demonstrate that Plaintiff's disclosure included her

20    reporting Mr. Augspurg's alleged misconduct.

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 7

portions of the record in subsequent briefing.[4]  In sum, Plaintiff has not shown

manifest error.

**B. Defendant's Reply Briefing**

Second, Plaintiff challenges Defendant's reply briefing in connection with

his Motion for Summary Judgment.  ECF No. 55 at 2.  Specifically, Plaintiff

asserts that Defendant engaged in the "highly irregular practice" of asserting

additional facts in support of his original motion, "facts" to which Plaintiff was not

able to meaningfully respond.  *Id.* at 6-7.

---

[4] The MSPB did consider this issue both in its initial decision in May 2012 and its

decision on remand in July 2013, concluding that, even taking Plaintiff's disputed

testimony as true that her supervisor had some "motive to retaliate against her

because (according to her) he had told her to wait before revealing the moldy

applesauce to the FDA, and she did not follow that instruction," any motive to

retaliate would be "relatively weak" considering that the "appellant's disclosure

did not directly accuse her supervisor (or any other agency official) of

misconduct."  ECF No. 29 at 18; *see also* ECF No. 29-2 at 10 ("I continue to

believe that this [retaliatory] motive was not particularly strong. As I previously

stated, the appellant's disclosure, which involved conditions at a private facility,

did not directly accuse anyone at the agency of misconduct.").

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 8

1    This issue is easily resolved by the Eastern District's Local Rules.  Pursuant

2  to Local Rule 56.1, any party filing a motion for summary judgment "shall set

3  forth separately from the memorandum of law, and in full, the specific facts relied

4  upon in support of the motion." LR 56.1(a).  In response, the nonmoving party

5  must then file with its responsive memorandum "a statement in the form prescribed

6  in (a), setting forth the specific facts which the opposing party asserts establishes a

7  genuine issue of material fact precluding summary judgment." *Id.* at 56.1(b).  In

8  reply, the moving party "may file with its reply memorandum, if any, a statement

9  in the form prescribed in (a), setting forth the specific facts which the moving party

10  asserts establishes the absence of genuine material fact disputes. *Id.* at 56.1(c).

11    Here, Defendant's reply briefing included a "Statement of Material Facts in

12  Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment"

13  (ECF No. 50), which responded to Plaintiff's Counter Statement of Material Facts

14  (ECF No. 48).  Defendant's reply statement of facts, rather than asserting new

15  "facts" as Plaintiff contends, merely cited to relevant portions of the administrative

16  record in an effort to dispute and clarify the facts raised in Plaintiff's response.

17  Moreover, these "facts" merely recount the underlying proceedings.  If Plaintiff

18  truly felt the need to respond, nothing prevented her from seeking this Court's

19  leave to file a sur-reply.  Accordingly, Plaintiff similarly cannot demonstrate error

20  on this point.

1  **IT IS HEREBY ORDERED:**

2      Plaintiff's FRCP 59 Motion to Reconsider, in Part, Order Denying Summary

3  Judgment (ECF No. 55) is **DENIED**.

4      The District Court Executive is hereby directed to enter this Order and

5  provide copies to the parties.

6      **DATED** March 27, 2015.

7

8  
                                        THOMAS O. RICE
                                   United States District Judge
9

10

11

12

13

14

15

16

17

18

19

20

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 10